OPINION
{¶ 1} On December 21, 2001, at about 8:30 p.m., appellant George Dixon was involved in a minor traffic accident at the intersection of Whipple Avenue and Everhard Road near Belden Village Mall.
 {¶ 2} Trooper Laura Taylor of the Ohio State Highway Patrol responded to the accident. Upon arriving at the scene, Trooper Taylor had the drivers move their vehicles off the road. She proceeded to investigate the accident, and while speaking to the parties, she smelled the odor of an alcoholic beverage. After speaking to the driver of the other vehicle and taking a statement, she allowed him to leave the scene. She then spoke to appellant, and noticed a strong odor of an alcoholic beverage coming from appellant. After administering several field sobriety tests, she placed appellant under arrest for DUI.
 {¶ 3} Approximately forty-five minutes after arriving at the scene, Trooper Taylor transported appellant to the Canton Post for a breath test. The breath test was administered at 21:28 hours, 14 minutes after leaving the scene of the accident in the cruiser. Appellant registered a BAC test of .130 grams of alcohol per 10 liters of breath.
 {¶ 4} Appellant was charged with driving under the influence (R.C. 4511.19(A)(1)), and failure to yield. Appellant filed a motion to suppress, alleging that the breath test was not conducted following a 20 minute observation period, and he had ingested breath mints during the 20 minute time period. Following an evidentiary hearing, the court overruled the motion to suppress. Appellant entered a plea of no-contest and was convicted as charged. He was sentenced to 180 days incarceration, and fined $300, with all but three days of the sentence suspended on condition that appellant perform 40 hours of community service, have no further DUI offenses for five years, and report to Quest for the driver intervention program. Appellant assigns a single error to the trial court:
 {¶ 5} "THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO SUPPRESS AS THE ARRESTING OFFICER DID NOT OBSERVE DEFENDANT FOR TWENTY MINUTES PRIOR TO ADMINISTERING THE BREATH ANALYSIS."
 {¶ 6} Appellant argues that the evidence does not support the court's finding that the officer observed appellant for twenty minutes prior to conducting the breath test. The court found that the video tape was inconclusive as to whether the defendant consumed or ingested mints, and showed that the arresting officer had appellant within her observation from 21:08 to 21:28, when the breath test was administered.
 {¶ 7} This court has previously held that the substantial compliance standard is not applicable to the twenty minute observation period. E.g. State v. Karns (July 21, 1998), Fairfield Appellate No. 97CA0002. The regulation is a bright line rule: either the subject did or did not have something in his or her mouth during the twenty minutes of observation. Id.
 {¶ 8} While the officer testified that she watched appellant for the twenty minute observation period, she admitted on cross examination that she only had him in the cruiser for fourteen minutes prior to administering the test, and that she was not able to watch him for the entire time prior to leaving the scene, as she was out of the car and talking to the driver of the other vehicle. Tr. 27. She further admitted that she talked to the wife about the accident during the time period. Id. She also admitted that it was possible that appellant could have put some mints into his mouth, and she would not have seen it. Id. Further, appellant testified at the suppression hearing that during the twenty minutes prior to the test, while he was seated in the back of the officer's car, he put mints in his mouth from a packet he had in his pocket. Tr. 29.
 {¶ 9} Although the officer testified that she observed appellant for twenty minutes, it is apparent from the time frame as demonstrated by the record that she was occupied at the scene of the accident with the investigation and arrangements regarding clearing the scene, and did not have appellant within her observation before leaving the scene. Only fourteen minutes elapsed between her leaving the scene of the accident with appellant in the back seat of the cruiser, until the test was administered. Appellant testified affirmatively that he placed breath mints in his mouth while seated in the back of the cruiser during the twenty minute time period. The court erred in overruling appellant's motion to suppress.
 {¶ 10} The assignment of error is sustained.
 {¶ 11} The judgment of the Massillon Municipal Court is reversed. This case is remanded to that court for further proceedings according to law, consistent with this opinion.
By Gwin, P.J., Farmer, J., and Boggins, J., concur.
Topic: suppression.